NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0178n.06

No. 10-4327

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 25, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| JUJUAN NORMAN, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

BEFORE:    COLE and GIBBONS, Circuit Judges; and CLELAND, District Judge.[*]

   **COLE, Circuit Judge**.   Defendant-Appellant Jujuan Norman pled guilty to theft of

government property in excess of $1,000, in violation of 18 U.S.C. § 641, and the district court

sentenced him to twelve months' imprisonment.  Norman appeals his sentence as being procedurally

unreasonable.  Specifically, he claims the district court failed to address his request that he serve a

term of imprisonment that partially "substitutes community confinement or home detention" for

imprisonment, as United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") §

5C1.1(d)(2) (2009) permits.  For the reasons below, we **DISMISS** Norman's appeal for lack of

jurisdiction.

---

   [*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of
Michigan, sitting by designation.

**I.**

In September 2005, Norman went to the Federal Emergency Management Agency's office in the Northern District of Ohio and fraudulently represented that he was a displaced refugee from New Orleans, Louisiana due to Hurricane Katrina. As a result, he procured $2,000 in emergency aid. In January 2010, the government charged Norman with theft of government property in excess of $1,000, in violation of 18 U.S.C. § 641, and aiding and abetting such theft, in violation of 18 U.S.C. § 642. After a change-of-plea hearing and under a written plea agreement, Norman pled guilty to a violation of only § 641. In the plea, Norman agreed not to appeal except in certain limited circumstances. At sentencing, the district court calculated Norman to be in Criminal History Category V, Offense Level 6, which placed him in Zone C of the Guidelines with a range of nine to fifteen months of imprisonment. The district court sentenced Norman to twelve months' imprisonment. Norman timely appealed his sentence.

**II.**

We determine de novo whether a defendant has waived his right to appeal his sentence through a plea agreement. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). Such a waiver is valid so long as it is knowing and voluntary. *Id.* at 625. In *Swanberg*, we found an appellate waiver in a plea agreement to be knowing and voluntary when the defendant acknowledged the waiver's existence during the plea colloquy, and the district court expressly found the plea to be knowing. *Id.* at 626. This was so notwithstanding the district court's erroneous statement during sentencing that the defendant "ha[d] a right of appeal from the sentence in this matter." *Id.* (quoting the record).

Here, Norman's waiver was even more clearly knowingly and voluntarily made than in *Swanberg*. Norman's plea agreement prominently contained a section called "Waiver of Appeal and Post-Conviction Attack," which stated that Norman "acknowledges having been advised by counsel of [his] rights, in limited circumstances, to appeal the conviction or sentence . . . [and] expressly waives those rights." (Plea Agreement, Dist. Ct. Docket No. 20, at 6.) During the plea colloquy, Norman confirmed that his counsel had gone over the plea agreement with him, and that he had read and understood it. (Change of Plea Hr'g Tr., Dist. Ct. Docket No. 29, at 6-7.) Moreover, the district court ensured that Norman understood the appellate waiver in particular. The court told Norman: "In this case, there's an agreement between yourself and the government that you will waive your right to appeal from your conviction or your sentence in this case . . . . You're giving up all of your rights to either appeal or challenge through some other legal action, called post-conviction proceedings." (*Id.* at 16.) Norman then stated he understood and had no questions. (*Id.* at 17.) Finally, the district court explicitly found Norman's plea to be knowing and voluntary. (*Id.* at 24.) The plea agreement's language and the transcript of the change-of-plea hearing thus confirm that Norman's appellate waiver was knowing and voluntary.

Our inquiry does not end there, however, because Norman's appellate waiver contained four exceptions: (1) "any punishment in excess of the statutory maximum"; (2) "any sentence to the extent it exceeds the greater of any statutory mandatory minimum sentence or the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the stipulations and computations in this Agreement, using the Criminal History found applicable by the Court"; and claims based on (3) ineffective assistance of counsel or (4) prosecutorial misconduct.

(Plea Agreement, Dist. Ct. Docket No. 20, at 6-7.) The district court thoroughly explained these exceptions to Norman at the plea colloquy:

> If for some reason, I don't imagine it happening here, if I were to impose any sentence in excess of the maximum, ten years, obviously, you have a right to appeal that sentence, number one.
>
> Number two, if I impose a sentence greater than the advisory guideline range that's computed, if it comes out that the sentence is 9 to 12 months, what have you, whatever the guideline range might be, if I impose a sentence above that guideline range, that properly calculated guideline range by 9 to 12 months, by way of example, then you would have a right to appeal that sentence.
>
> And then lastly, you would have a right to appeal two other matters that would be if it was later shown that the government's attorneys engaged in some misconduct in this matter, or if your attorney didn't represent you appropriately, then those are matters that might be subject to appeal as well.

(Change of Plea Hr'g Tr., Dist. Ct. Docket No. 29, at 16-17.) Norman then acknowledged that he understood and did not have any questions. (*Id.* at 17.) In so doing, Norman demonstrated that he understood the waiver's exceptions as well.

Norman here claims that his sentence is procedurally unreasonable because the district court did not consider substituting community confinement or home detention for imprisonment, as U.S.S.G. § 5C1.1(d)(2) (2009) permits because his Guidelines range is in Zone C of the sentencing table. This procedural-reasonableness challenge does not fall under any of the exceptions to Norman's appellate waiver. His sentence of one year was less than the statutory maximum of ten years. His sentence fell squarely in the middle of the Guidelines range, and there was no mandatory minimum. Lastly, Norman is not alleging ineffective assistance of counsel or prosecutorial misconduct. Norman's appeal is therefore barred by his appellate waiver.

**III.**

For the foregoing reasons, we **DISMISS** Norman's appeal for lack of jurisdiction.